UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
        vs.                    )        11 C 8668
                               )
FRANK PANICE,                  )
                               )
                Defendant.     )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Petitioner Frank Panice's ("Panice")

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For

the reasons set forth below, Panice's motion is denied.

## BACKGROUND

On December 1, 2005, Panice and six other individuals were indicted for

orchestrating and effectuating a scheme to financially defraud their victims (the "2005

Case"). Panice was released on his own recognizance pending the outcome of the

proceedings. One year later, Panice was arrested for his role in an unrelated Ponzi

scheme (the "2006 Case"). On February 21, 2008, Panice pled guilty to all twenty

counts in the 2006 Case, which included two counts of mail fraud, three counts of

interstate transportation of stolen property, five counts of money laundering, and ten

counts of structuring. Additionally, as part of a plea agreement, Panice stipulated to the ten counts charged in the 2005 Case. On August 19, 2008, Panice was sentenced to 360 months imprisonment and ordered to pay restitution in the amount of $4,915,683.52.

Panice successfully appealed his sentence. Upon remand, Panice was re-sentenced to a term of 132 months, though the Court's restitution order remained virtually unchanged. Panice did not appeal the latter sentence. On December 6, 2011, Panice filed the instant habeas petition pursuant to 28 U.S.C. § 2255 seeking relief from his sentence.

## LEGAL STANDARD

Section 2255 permits a prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. Such collateral relief is only available where the sentence involved a constitutional error or results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). In evaluating a Section 2255 petition, the district court reviews the record and draws all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

## DISCUSSION

Panice asserts three grounds in support of his motion: (1) the government failed to comply with the rule announced in *Brady v. Maryland*, 373 U.S. 83 (1963), by

withholding exculpatory evidence ("*Brady* claim"); (2) the government unlawfully seized $25,000; and (3) he was subjected to cruel and unusual punishment during his incarceration.  Prior to assessing the merits of Panice's claims, we consider whether these claims are procedurally defaulted.

## I.    Procedural Default

A motion under Section 2255 is not a substitute for a direct criminal appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).  A criminal defendant's failure to raise a claim on appeal precludes a court's review of the claim unless the petitioner demonstrates: (1) cause excusing him from his procedural default, and (2) actual prejudice arising from the alleged errors.  *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). To establish cause, Panice must point to some "external impediment" that prevented him from raising his claims on appeal.  *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citation omitted).  The government's failure to provide exculpatory evidence is sufficient to establish cause.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Crivens v. Roth*, 172 F.3d 991, 995-96 (7th Cir. 1999).  Panice maintains that he did not discover the facts underlying his *Brady* claim prior to filing the instant habeas petition because the government withheld exculpatory evidence that formed the basis for his claims. Therefore, Panice has sufficiently established cause for his failure to raise his claims on appeal.

To establish prejudice, a habeas petitioner must show that the alleged error "worked to his *actual* and substantial disadvantage." *Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004) (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Panice maintains that the newly discovered evidence warrants a sentence reduction because it "casts a new light" on his conduct. The evidence consists of an e-mail exchange between federal agents sharing information regarding the 2005 Case and the 2006 Case, a United States Postal Inspection Service ("USPIS") case summary report of the investigation in the 2005 Case, and bank receipts that were used to support the government's structuring charges.

The e-mail exchange and the USPIS case report were merely summaries of the government's theory of the 2005 Case. The information contained in these documents was included in the complaint filed in the 2005 Case and was also presented to the Court at Panice's change of plea hearing, during which Panice stipulated to the facts underlying the government's allegations. The government was not obligated to supply Panice with internal e-mails containing the same allegations that were both included in the complaint and stipulated to by Panice at his change of plea hearing. Therefore, the government's failure to provide either of these documents did not work to Panice's actual disadvantage, and Panice suffered no resulting prejudice.

As to the bank receipts, Panice maintains that they may serve to impeach the statements of one of his co-defendants, Brian Jines ("Jines"). After his arrest, Jines

- 4 -

explained that whenever he withdrew cash at Panice's instruction, Panice would issue him a bank receipt. The government relied on the bank receipts to support its structuring charges against Panice but did not provide the receipts to Panice. However, Panice did not suffer any prejudice from not having access to the receipts. Panice admitted that he structured bank withdrawals to evade reporting requirements. Furthermore, the receipts do not cast any doubt as to Panice's role in the fraudulent scheme, as his fingerprints were identified on a substantial number of the receipts. Moreover, the receipts corroborate Jines's statements and Panice's own admission that Panice played an active role in the unlawful structuring transactions. Additionally, fingerprint analyses run on these receipts were incorporated into a lab report, which was produced to Panice nearly six months before his guilty plea, and neither Panice nor his attorney ever requested to examine the receipts. Panice has failed to explain in any meaningful way how this information would have affected either his guilty plea or his sentence.

Nevertheless, Panice concludes that the evidence warrants a reduction of his sentence and offers three cases in which individuals convicted of fraud were given lesser sentences. However, as discussed above, the evidence proffered by Panice is wholly immaterial to either his plea or the sentence imposed. In effect, Panice is asking the Court to reconsider his sentence based upon the sentences issued in three unrelated "comparator cases," each of which was presented to and considered by the Court at the

resentencing hearing. The new evidence, which does not cast any new light on Panice's conduct, does not suggest that any departure from the sentence imposed by the Court is warranted.

Because Panice has suffered no actual prejudice from the lack of access to the evidence attached to his motion, his claims are procedurally defaulted, and his motion can be denied on this basis alone. Moreover, as discussed below, Panice's claims would also fail on their merits.

## II.   *Brady* Claim

Even if Panice's claims were not procedurally defaulted, his *Brady* claim would fail on the merits. In *Brady*, the Supreme Court held that the government has a duty to disclose material evidence favorable to an accused. 527 U.S. at 87. To succeed on a *Brady* claim, Panice must establish that: (1) the evidence at issue was favorable to his defense because it is exculpatory or impeaching; (2) the evidence was either willfully or inadvertently suppressed by the government; and (3) there is a reasonable probability that he was prejudiced by the government's suppression. *Carvajal v. Dominguez*, 542 F.3d 561, 567-58 (7th Cir. 2008).

For reasons similar to those discussed above, Panice has failed to establish either that the evidence was exculpatory or that there is a reasonable probability of prejudice. The e-mail exchange and the USPIS case report, which consisted of broad summaries of the government's investigation, do not cast any new light on Panice's role in the

fraudulent scheme or the charges to which he pled guilty.  Nor do the bank receipts support Panice's defense.  On the contrary, they corroborate Jines's statements that Panice issued these receipts when Jines withdrew cash derived from the fraudulent scheme.  Therefore, Panice's *Brady* claim would fail on its merits, even if it was not procedurally defaulted.

Additionally, Panice speculates that there is evidence that has not yet been discovered that would provide grounds for relief from his sentence.  However, Panice has not provided any information regarding the source, substance or relevancy of this purported evidence.  Therefore, this claim cannot serve as a basis to grant his motion.

## III.    Seizure of Assets

Panice contends that the government seized $25,000 from the assets of the fraudulent company in violation of the Fourth Amendment.  Panice does not explained why he believes the seizure was unlawful or how it affected his plea or sentence. Rather, he spends the next several pages of his brief inviting the Court to reconsider his sentence for reasons entirely unrelated to the allegedly unlawful seizure.  The Court declines to reconsider Panice's sentence based on this undeveloped and unsubstantiated argument. *See United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998) ("We have held time and again that perfunctory and undeveloped arguments (even constitutional ones) are waived.") (citation omitted).

## IV.    Eighth Amendment Claim

Finally, Panice asserts that the Bureau of Prisons subjected him to cruel and unusual punishment by not apprising him of medical exam results and by confining him to a cell with a mentally ill prisoner for about eight hours.  These matters are not appropriately resolved on a Section 2255 motion.  Should Panice seek resolution of his Eighth Amendment claims, he must do so using the appropriate administrative and legal channels.

## CONCLUSION

For the foregoing reasons, Panice's motion to vacate, set aside, or correct his sentence is denied.

Charles P. Kocoras
United States District Judge

Dated:    April 10, 2012

- 8 -