# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8668 | **DATE** | July 5, 2012 |
| **CASE TITLE** | US vs. Frank Panice | | |

**DOCKET ENTRY TEXT**

Petitioner Frank Panice's motion (Doc [19]) to alter or amend judgment is denied for lack of jurisdiction.

■[ For further details see text below.]   Docketing to mail notices.

# ORDER

This matter comes before the Court on Petitioner Frank Panice's ("Panice") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59 or 60. For the reasons set forth below, Panice's motion is denied for lack of jurisdiction.

On February 21, 2008, Panice pleaded guilty to two counts of mail fraud, three counts of interstate transportation of stolen property, five counts of money laundering, and ten counts of structuring. On December 9, 2010, the Court sentenced Panice to 132 months imprisonment. Approximately one year later, Panice filed a habeas petition pursuant to 28 U.S.C. § 2255, which this Court denied on April 10, 2012. On April 24, 2010, Panice filed the instant motion seeking to alter or amend the Court's dismissal of his habeas petition.

Respondent United States of America maintains that Panice's motion is actually a successive attack on his sentence and that the Court accordingly lacks jurisdiction to consider the motion. "When determining the character of a *pro se* filing, courts should look to the substance of the filing rather than its label." *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). If a motion attacks a defect in the integrity of the habeas proceedings, it will be construed as a motion to alter or amend judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). If, however, the motion attacks the substance of a court's resolution of the habeas petition on the merits, it will be treated as a successive petition. *Id.* (explaining that an assertion that the court erred in denying habeas relief on the merits is "effectively indistinguishable" from a successive habeas petition).

Panice nevertheless maintains that his motion is properly brought under Rule 59 or Rule 60 because he is presenting new evidence which he maintains is exculpatory in nature. However, a motion seeking to present newly discovered evidence is properly characterized as a successive habeas petition. *Id.* at 531. Moreover, Panice's "newly discovered evidence" sheds no light on his case. The evidence consists of (1) letters from the Illinois Attorney General acknowledging Panice's requests for information pursuant to the Freedom of

**ORDER**

Information Act, and (2) several newspaper and magazine articles that discuss alleged prosecutorial and judicial misconduct in unrelated cases. Neither the letters nor the articles provide any information regarding Panice's investigation, arrest, detention, guilty plea, or sentencing. As such, they do not constitute "newly discovered evidence" relevant to Panice's claims.

In the instant motion, Panice rehashes many of the same arguments he made in his initial habeas petition and begs the Court to reevaluate his claims. Because Panice is challenging the merits of the Court's denial of his habeas petition, his current motion is actually a successive collateral attack on his conviction and sentence. *See id.* at 534. A district court lacks jurisdiction to entertain a successive Section 2255 petition without authorization from the court of appeals. *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010). As Panice has not sought permission from the Seventh Circuit to file a second habeas petition, his current motion is denied for lack of jurisdiction.

Date: July 5, 2012

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**