# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8668 | **DATE** | August 15, 2012 |
| **CASE TITLE** | US vs. Frank Panice | | |

**DOCKET ENTRY TEXT**

Panice's motion (Doc [25]) to alter or amend judgment, motion (Doc [31]) for appointment of counsel, and motion (Doc [28]) for a certificate of appealability are denied. The Clerk of Court is directed to notify the Court of Appeals for the Seventh Circuit that all pending motions in this matter have been resolved.

■[ For further details see text below.]

Docketing to mail notices.

---

## ORDER

This matter comes before the Court on Petitioner Frank Panice's ("Panice") motions: (1) to alter or amend this Court's prior denial of his habeas petition, (2) for appointment of counsel, and (3) for a certificate of appealability. For the following reasons, Panice's motions are denied. The Clerk of Court is directed to notify the Court of Appeals for the Seventh Circuit that all pending motions in this matter have been resolved.

On February 21, 2008, Panice pled guilty to two counts of mail fraud, three counts of interstate transportation of stolen property, five counts of money laundering, and ten counts of structuring. The Court sentenced Panice to 132 months imprisonment. In 2011, Panice filed a habeas petition pursuant to 28 U.S.C. § 2255, which this Court denied on April 10, 2012 (the "April 10th Opinion"). *See United States v. Panice*, No. 11 C 8668, 2012 WL 1192180 (N.D. Ill. Apr. 10, 2012). Panice then filed a motion to alter or amend judgment, which this Court treated as a successive collateral attack and denied for lack of jurisdiction. *See United States v. Panice*, No. 11 C 8668 (N.D. Ill. July 5, 2012). On July 19, 2012, Panice filed a notice of appeal with the Court of Appeals for the Seventh Circuit. Panice now presents three motions to the Court: a second motion to alter or amend the Court's denial of his habeas petition, a motion for appointment of counsel, and a motion for a certificate of appealability.

First, Panice asks that the Court alter or amend its April 10th Opinion denying his habeas petition in light of newly discovered evidence. A motion seeking to present newly discovered evidence is deemed a successive habeas petition, regardless of how the petition is labeled. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Because Panice's motion to alter or amend judgment is a successive collateral attack, this Court lacks jurisdiction to consider his arguments. *See United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010) (stating that a district court lacks jurisdiction to entertain a successive Section 2255 petition without authorization from the court of appeals). Moreover, even if the Court were to consider the substance of Panice's motion, he has not sufficiently identified what "new evidence" he has discovered, nor has he adequately explained how this purported evidence is exculpatory. Accordingly, Panice's motion to alter or amend judgment is denied.

# ORDER

Second, Panice requests that the Court appoint him counsel. Panice presumably seeks counsel to represent him in his appeal, as he filed his motion for appointment of counsel on the same date that he filed his notice of appeal. This Court lacks the authority to appoint counsel for proceedings in the Court of Appeals for the Seventh Circuit. Panice's motion for appointment of counsel is therefore denied.

Third, Panice requests that the Court issue a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a habeas petition is denied on the merits, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a habeas petition is denied on procedural grounds, a petitioner must establish that jurists of reason would find it debatable whether: (1) the petition states a valid constitutional claim, and (2) the court was correct in its procedural ruling. *Id.*

In support of his habeas petition, Panice claimed that he had acquired new exculpatory evidence that was withheld during the course of his prosecution. As the Court noted in its April 10th Opinion denying Panice's habeas petition, his purportedly "newly discovered evidence" was either available to him at the time of his trial or was wholly irrelevant to his defense. Although Panice continues to allege that he has obtained thousands of pages of new information regarding his case, the evidence that he has attached to his habeas petition (and both motions to reconsider) do not shed any light on his conviction or sentence. Because Panice failed to adequately explain how his purportedly exculpatory evidence bears any relation to his conviction or sentence, reasonable jurists could not debate whether the Court erred in denying his petition. Accordingly, Panice's motion for a certificate of appealability is denied.

As a final matter, Panice filed his notice of appeal before the Court had the opportunity to rule on his motion to alter or amend judgment. A notice of appeal is ineffective until the disposition of all pending motions in the district court. *See* Fed. R. App. P. 4(a)(4)(b)(I); *Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733, 737-38 (7th Cir. 2004). The Clerk of Court is directed to notify the Court of Appeals for the Seventh Circuit that all pending motions in this matter have been resolved and that Panice's notice of appeal is effective as of the date of this Order. Although Panice need not file a new notice of appeal, he must amend his notice of appeal if he seeks to challenge any portion of this Order. *See Katerinos*, 368 F.3d at 738.

In light of the foregoing, Panice's motion to alter or amend judgment, motion for appointment of counsel, and motion for a certificate of appealability are denied.

Date: August 15, 2012

**CHARLES P. KOCORAS**
**U.S. District Judge**